**Alexandra M. Shulman,** OSB No. 152784
Email: ashulman@buchalter.com
**Michael J. Sandmire**, OSB No. 904410
Email: msandmire@buchalter.com
**BUCHALTER**
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: (503) 226-1191

**S. Stewart Haskins II, Ga. Bar No. 336104** (*Pro Hac Vice Forthcoming*)
Email: shaskins@kslaw.com
**J. Andrew Pratt, Ga. Bar No. 465311** (*Pro Hac Vice Forthcoming*)
Email: apratt@kslaw.com
**Elliott Foote, Ga. Bar No. 562482** (*Pro Hac Vice Forthcoming*)
Email: efoote@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600

*Attorneys for Defendant Home Depot U.S.A., Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| RYAN ESGATE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC. d/b/a BLINDS.COM, JUSTBLINDS.COM, AND AMERICANBLINDS.COM,<br><br>Defendant. | Case No.<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL**<br><br>(Oregon Circuit Court, County of Lane, Case No. 24CV42085) |

**TO THE CLERK OF THE COURT**:

PLEASE TAKE NOTICE THAT Defendant Home Depot U.S.A., Inc. ("Home Depot") hereby files this Notice of Removal of this action from the Circuit Court of the State of Oregon, County of Lane, to the United States District Court for the District of Oregon, Eugene Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 on the basis of the following facts, which show that this case may be properly removed to this Court.[1]

## I.   TIMELINESS OF REMOVAL - PROCEDURAL HISTORY

1. Home Depot has been sued in a civil action entitled *Esgate v. Home Depot U.S.A., Inc., et al.,* Case No. 24CV42085, in the Circuit Court of the State of Oregon, County of Lane (the "State Court Action").

2. Plaintiff Ryan Esgate ("Plaintiff") filed his initial complaint attached as **Exhibit A** on August 30, 2024, asserting violations of Oregon's Unlawful Trade Practices Act ("UTPA"), ORS § 646.605 *et seq.* on behalf of himself and a putative Oregon class. Compl. ¶¶ 74, 75, 90–117. Plaintiff alleges that Home Depot violated the Oregon UTPA by "advertis[ing] perpetual discounts on all of its products" and "never offer[ing] [these products] at the supposed regular price[s]." *Id.* ¶¶ 3, 16.

3. Home Depot was served with notice of process of the Complaint on September 27, 2024, which is attached as **Exhibit B**.

4. On October 21, 2024, Plaintiff filed and served a First Amended Complaint ("FAC") attached as **Exhibit C**, which re-asserted his claims under Oregon's UTPA and added a claim for damages.

---

[1] Home Depot reserves all rights to assert any and all defenses to the First Amended Complaint. Home Depot further reserves the right to amend or supplement this Notice of Removal.

5.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings on file with the Circuit Court of the State of Oregon, County of Lane are attached as **Exhibits A through C**. The Register of Actions is attached as **Exhibit D**.

## II.    VENUE AND JURISDICTION

6.     Home Depot denies that Plaintiff has adequately alleged personal jurisdiction exists in this action, and Home Depot does not waive any applicable personal jurisdiction defense.

7.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 117, 1391, 1441(a), and 1446(a), because the Circuit Court of the State of Oregon, County of Lane, where the State Court Action is pending, is a state court within the District of Oregon, Eugene Division. *See* LR 3-2(a)(3).

8.     As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d).

9.     All other requirements for removal are satisfied.

## III.    BASES FOR REMOVAL

### A.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d).

10.    The Court has subject-matter jurisdiction over this action, and the action may be removed to this Court, under the Class Action Fairness Act of 2005 ("CAFA"). Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

11.    As set forth below, this is a putative class action in which: (1) Plaintiff alleges there are more than 100 members in the purported class; (2) at least one member of the proposed class is a citizen of a different state than Home Depot; and (3) based upon the allegations in the FAC and the facts set forth in the Declaration of Steven O'Connor ("O'Connor Decl."), the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of

interest and costs. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

### 1. Plaintiff's Proposed Class Consists of More Than 100 Members.

12. In the FAC, Plaintiff purports to seek damages on behalf of himself and an Oregon class, consisting of "[a]ll persons who, while in Oregon, within the applicable statute of limitations period, purchased one or more products advertised at a discount" on the websites Blinds.com, JustBlinds.com, and AmericanBlinds.com, and claims that the applicable limitations period dates back to "at least August 2020." FAC ¶¶ 75, 77.

13. Plaintiff alleges in the Complaint that "based on information and belief, the Class comprises thousands of individuals." *Id.* ¶ 84.

14. Home Depot's records indicate that from August 2020 to July 2024, at least 50,000 orders were placed on Blinds.com—the only website from which Plaintiff claims to have made a purchase. O'Connor Decl. ¶ 6.

15. Accordingly, based on the allegations in the Complaint and the information contained in Home Depot's records, the aggregate number of members of the alleged class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### 2. Minimal Diversity Exists.

16. This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse—that is, where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

17. Home Depot is, and was at the time it was served with the Complaint, a corporation duly organized and validly existing under the laws of the State of Delaware, and Home Depot

maintains its principal place of business in Georgia. O'Connor Decl. ¶ 4. Home Depot, therefore, is a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c)(1).

18. Based upon the allegations of the FAC, Plaintiff is a citizen of Oregon. FAC ¶ 51 ("Plaintiff Ryan Esgate is, and at all relevant times has been, a citizen and resident of the city of Eugene, in Lane County, Oregon.").

19. Because at least one member of the putative class is diverse from at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

### 3.     The Amount in Controversy Requirement is Satisfied.

20. Plaintiff alleges that Home Depot violated Oregon's UTPA by, among other things, "advertis[ing] perpetual discounts on all of the Products on the Websites" and "never offer[ing] [these products] at the supposed regular price[s]." FAC ¶¶ 3, 15.

21. Plaintiff seeks remedies including (1) the greater of statutory damages of $200 or actual damages, (2) punitive damages, (3) equitable relief, (4) injunctive relief, (5) costs of filing suit, (6) pre- and post-judgment interest, and (7) attorney's fees and costs. *See Id.* ¶ 114, pp. 50–51 (Prayer for Relief).

22. Plaintiff seeks actual damages or statutory damages of $200, whichever is greater. FAC ¶ 8; *see also* O.R.S. § 646.638 (providing for recovery of "actual damages or statutory damages of $200, whichever is greater").

23. Home Depot's records indicate that from August 2020 to July 2024, at least 50,000 orders were placed on Blinds.com alone. O'Connor Decl. ¶ 6.

24. Home Depot denies that its pricing practices violated Oregon's UTPA; Home Depot will show that Plaintiff's claims fail on the merits and class certification is not

appropriate in this action; and Home Depot further denies that Plaintiff or the alleged class are due any amount of damages, statutory, compensatory or otherwise.

25. Nonetheless, based on Plaintiff's allegations and its purported theory of damages—which Home Depot denies is an appropriate measure of alleged damages—Plaintiff is seeking more than $5 million in statutory damages (*i.e.*, Plaintiff's claimed statutory damages of $200 per violation x 50,000 transactions = $10,000,000). Accordingly, the $5 million amount-in-controversy requirement under 28 U.S.C. § 1332(d) is satisfied.[2]

### B.  ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

26. CAFA jurisdiction does not apply where "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief[.]" 28 U.S.C. § 1332(d)(5)(A). Defendant is not a State, State official, or governmental entity.

27. The Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b). Home Depot was served with the initial complaint on September 27, 2024, and Plaintiff did not add his claim for statutory damages until October 21, 2024. *See* 28 U.S.C. § 1446(b)(1); *id.* § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading . . . which it may first be ascertained that the case is one which is or has become removable."). Thus, Home Depot files this Notice of Removal within 30 days of its receipt of the initial complaint and

---

[2] Home Depot reserves the right to present additional evidence concerning Plaintiff's purported damages and the other elements of Plaintiff's requested relief, including injunctive relief and attorney's fees, should Plaintiff contend that the amount-in-controversy requirement is not satisfied in this case. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *see also* O.R.S. § 646.638(3) (allowing for recovery of attorneys' fees).

within 7 days of receiving the FAC, which added the damages claims that render this matter removable.

28.     Pursuant to the requirements of 28 U.S.C § 1446(b)(2)(A), Home Depot is the only defendant named in the FAC and consents to removal by filing this Notice of Removal.

29.     Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the District of Oregon, written notice of such filing will be served by the undersigned on the Plaintiff's Counsel of Record, and a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of the State of Oregon, County of Lane.

30.     By filing this Notice of Removal, Home Depot does not waive any defense and instead reserves all such defenses, including but not limited to those related to lack of personal jurisdiction.

## IV.     CONCLUSION

31.     For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

32.     Wherefore, Home Depot gives notice that the matter bearing case number 24CV42085, pending in the Circuit Court of the State of Oregon, County of Lane, is removed to the United States District Court for the District of Oregon.

DATED: October 28, 2024.

| | |
|---|---|
| */s/ Alexandra M. Shulman* <br> Michael J. Sandmire, OSB No. 904410 <br> Alexandra M. Shulman, OSB No. 152784 <br> **BUCHALTER** <br> A Professional Corporation <br> 805 SW Broadway, Suite 1500 <br> Portland, OR 97025 <br> Tel: (503) 226-1191 <br> msandmire@buchalter.com <br> ashulman@buchalter.com <br><br> *Attorneys for Defendant Home Depot U.S.A., Inc.* | */s/ S. Stewart Haskins II* <br> S. Stewart Haskins II (*pro hac vice forthcoming*) <br> GA Bar No. 336104 <br> J. Andrew Pratt (*pro hac vice forthcoming*) <br> GA Bar No. 465311 <br> Elliott Foote (*pro hac vice forthcoming*) <br> GA Bar No. 562482 <br> **KING & SPALDING LLP** <br> 1180 Peachtree Street, NE <br> Atlanta, GA 30309 <br> Tel: (404) 574-4600 <br> shaskins@kslaw.com <br> apratt@kslaw.com <br> efoote@kslaw.com <br><br> *Attorneys for Defendant Home Depot, U.S.A., Inc.* |